IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA SNYDER,**

    **Plaintiff,**

v.                                          Case No. 3:18-cv-01438

**WESTERN REGIONAL JAIL AUTHORITY;**
**CAPTAIN ALDRAGE;**
**CAPTAIN SAVILLA;**
**ANY C.O. THAT HAS WORKED IN A5 SECTION;**
**OFFICER RACER; and OFFICER THEISON,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1, and that this action be removed from the docket of the court.

**I. Relevant History**

On November 15, 2018, Plaintiff filed the complaint herein pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). On December 7, 2018, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs, an Amended Complaint, and additional

1

documentation in support of his amended complaint. (ECF Nos. 6, 7, 8). The undersigned granted the Application and ordered the Clerk to issue summonses for the defendants. (ECF No. 9). On December 26, 2018, the copy of the Court's order sent to Plaintiff's address on record was returned as undeliverable and unable to be forwarded. (ECF No. 13).

On March 1, 2019, Defendants filed a motion to dismiss. (ECF No. 17). Additional defendants were served with a summons and the amended complaint in June 2019, and they filed an answer to the complaint. (ECF Nos. 22, 23, 27). In the meantime, additional mail sent by the Clerk to Plaintiff was returned as undeliverable. (ECF Nos. 20, 24). In an effort to determine the status of the matter and the whereabouts of Plaintiff, the Court entered an order scheduling a status conference on June 26, 2019. (ECF No. 28). Plaintiff's copy of that order was also returned to the Clerk as undeliverable.(ECF No. 30).

On June 26, 2019, the Court conducted a status conference. (ECF No. 29). Counsel for the defendants appeared, but Plaintiff did not. Counsel for the defendants advised the Court that he had checked the inmate locators of both the regional jail system in West Virginia and the Division of Corrections and Rehabilitation ("DCR") and did not locate Plaintiff in the system. Counsel also reported that, based on his research, Plaintiff had been released from custody on December 12, 2018 and was not on parole or other known supervision by the State of West Virginia. Plaintiff apparently did not leave a forwarding address. Counsel for the defendants indicated that Plaintiff has a second civil rights suit pending in the Charleston Division of this Court, and Plaintiff has not made any recent appearance in that case either. Defendants then orally moved for dismissal of the instant action pursuant to Federal Rule of Civil Procedure 41 and Local Rule of Civil Procedure 41.1. for failure to prosecute.

On June 28, 2019, the undersigned issued a Show Cause Order, notifying Plaintiff that he had thirty days to show good cause for retention of the case on the docket, or a recommendation of dismissal would issue. (ECF No. 31). On July 17, 2019, the Show Cause Order was returned to the Clerk of Court as undeliverable and unable to forward. (ECF No. 32). An additional month has passed without any contact from Plaintiff. Furthermore, as of today's date, Plaintiff does not appear in the inmate locator of the DCR, the Regional Jail Authority, or the Federal Bureau of Prisons.

A review of the docket demonstrates that Plaintiff last contacted the Court on **December 10, 2018** when he filed documentation in support of his amended complaint. Plaintiff has made no effort to notify the Clerk of his updated address since that time. Thus, his whereabouts are unknown. Moreover, Plaintiff has not followed up on his case, or had any contact with the Court in more than eight months.

## II. <u>Discussion</u>

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id*. at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil

---

[1] Fed .R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ .P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, the undersigned concludes that dismissal is warranted. A review of the record indicates that once Plaintiff was released from custody on December 12, 2018, he forgot about this case. His last contact with the Court was a few days before his release when he filed additional documents supporting his

---

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

complaint. Plaintiff has made no effort to check on the status of this civil action in over eight months. His failure to pursue prosecution reflects a case history of Plaintiff proceeding in a deliberately dilatory fashion. This matter has been pending on the court's docket for nine months and, during that time, there has been only minimal action by Plaintiff. Likewise, there has been *no* communication from Plaintiff pertinent to this case since his release from custody. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time.

In sum, given that Plaintiff has effectively abandoned the case, the undersigned **FINDS** that the proper course of action is dismissal. *See Ballard,* 882 F.2d at 95-96.

### III. Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, for failure to prosecute and for failure to comply with court orders, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

**DATED**: August 22, 2019

Cheryl A. Eifert
United States Magistrate Judge